**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

CLEVELAND S. JONES, JR.                                          PLAINTIFF


V.                              4:09CV00204 JMM


BRADLEY C. DINER, Dr., Arkansas Psychiatric
Clinic; ARKANSAS PSYCHIATRIC CLINIC;
COUNSELING ASSOCIATES, INC.; and
RAE BECKHAM, Informant, Yazoo County,
Mississippi, Sheriff's Office                                    DEFENDANTS

<u>**ORDER**</u>

        Plaintiff, a pretrial detainee at the Pope County Jail, initiated this action by filing a *pro se*

Complaint, pursuant to 42 U.S.C. § 1983, alleging that the Defendants have conspired with the

prosecutors to sabotage Plaintiff's defense to his current criminal proceedings.  The Complaint was

filed on March 13, 2009 (docket entry #1), but did not include a filing fee or an application for leave

to proceed *in forma pauperis*.  Accordingly, an Order was entered on March 18, 2009 (docket entry

#2) directing Plaintiff to either submit the $350.00 statutory filing fee, or an *in forma pauperis*

application, within thirty days of the entry date of that order.  To date, neither have been received.

        Under the circumstances, the case is appropriate for dismissal for failure to prosecute or

otherwise comply with Local Rule 5.5(c)(2), which provides that if any communication from the

Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without

prejudice.  Moreover, after carefully reviewing the documents submitted by Plaintiff, the Court

concludes that Plaintiff's claims are frivolous and he has failed to state a claim upon which relief

may be granted.  Accordingly, the Court finds that Plaintiff's Complaint shall be dismissed with

prejudice, and that dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.  § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).   But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## III.  Analysis

In January of 2009, Plaintiff filed a *pro se* lawsuit in this Court against several Defendants in Pope County, Arkansas, and Yazoo County, Mississippi, related to his arrest in 2008 in Mississippi on a "hot check" warrant issued by Pope County. *See Jones v. Winters et al*., 4:09CV00019 BSM.   Information contained in the Complaints in that case (docket entries ## 2 &

5) were reviewed along with the Complaint (docket entry #1) in this case in order to give Plaintiff the full benefit of a liberal construction of his claims.

The Defendants are Dr. Bradley Diner, a psychiatrist who was hired by Plaintiff's defense attorney to conduct a mental examination of Plaintiff to determine his fitness to stand trial on criminal charges; the Arkansas Psychiatric Clinic; Counseling Associates, Inc.; and Rae Beckham. According to Plaintiff, these Defendants conspired with the defendants in his previous lawsuit to have his criminal charges dismissed on the grounds that he was mentally unfit, in order to have him institutionalized, for the purpose of hindering his prosecution of the first civil rights lawsuit. Much of the information relief upon by Defendant Diner in coming to this conclusion, claims Plaintiff, came from Defendant Beckham,  who is described as an "informant" for the Yazoo County Mississippi Sheriff's Office without further explanation of the relationship.

Plaintiff makes repeated references in his Complaint in the instant case to documents and exhibits, but none were filed with this case.  However, in his earlier case, docket entry #12 is marked as and appears to be the "Documentary Exhibit 23" that Plaintiff references in the instant Complaint. It is a report from Defendant Dr. Diner to Plaintiff's public defender, in which Defendant Rae Beckham is identified as Plaintiff's mother.  Dr. Diner's recommendation for Plaintiff, dated February 4, 2009, was inpatient psychiatric evaluation, based on Plaintiff's "psychotic thought process."

As a preliminary matter, neither the Arkansas Psychiatric Clinic, identified as Defendant Dr. Diner's office clinic, nor Counseling Associates, Inc., an "incorporated business offering mental health services," are proper parties for a 42 U.S.C. § 1983 action.  Only "persons," and even then, state actors, are proper parties in a § 1983 suit.  Similarly, reading Plaintiff's complaints as liberally

3

as possible, Plaintiff's mother is not a state actor for the purposes of this § 1983 litigation.

Lastly, upon review of case law on the issue, the Court agrees with the many other jurisdictions that hold that physicians who participate in involuntary civil commitment proceedings are not state actors for the purposes of § 1983 litigation. Other courts considering analogous factual situations have determined that the conduct of private physicians (as Plaintiff has alleged Dr. Diner to be) in participating in an involuntary civil commitment, cannot be held liable under § 1983 for violating Fourth Amendment rights to be free from unreasonable seizures. *See Andresen v. Diorio*, 349 F. 3d 8 (1st Cir. 2003)(Plaintiff claimed that private physician and employer provided police with false information in order to have him committed); *S.P. v. City of Takoma Park, Md.*, 134 F. 3d 260 (4th Cir. 1998)(private medical professionals acting pursuant to state involuntary commitment statute are not acting under color of state law); *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996)(concluding that independent physicians were not state actors in the context of mental civil commitments) *Harvey v. Harvey*, 949 F. 2d 1127 (11th Cir. 1992)(private physicians acting pursuant to state statutes to commit the mentally ill cannot be held liable under §1983; even an allegation of conspiracy with a state actor, without sufficient detail to material facts stated in the pleadings, is insufficient to transform the others into state actors); *Spencer v. Lee*, 864 F. 2d 1376 (7th Cir. 1989), *cert. denied*, 494 U.S. 1016 (1990)(when a private physician and a private hospital commit a mentally disturbed person, they do not act under color of state law, and therefore, do not lay themselves open to suit under §1983).   Dr. Diner, a medical doctor for a private entity, was hired by Plaintiff's defense counsel to offer an expert medical opinion.  Moreover, while Plaintiff clearly disagrees with Dr. Diner's assessment that he is incapable of participating in his own defense and warrants placement in a psychiatric facility, there has been no allegation by Plaintiff that any of these

recommendations have been accepted or that any injury, such as a Fourth Amendment violation, has come to pass as a result of Dr. Diner's evaluation.

For all these reasons,

IT IS, THEREFORE, ORDERED that this action is DISMISSED.

IT IS FURTHER ORDERED that dismissal of this action shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

IT IS FURTHER ORDERED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 5th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."